Matthew Hawkinson (SBN 248216)
mhawkinson@hycounsel.com
David Yang (SBN 246132)
dyang@hycounsel.com
**HAWKINSON YANG LLP**
8033 W. Sunset Blvd. #3300
Los Angeles, CA 90046
Tel: (213) 634-0370
Fax: (213) 260-9305


Joseph W. Staley (GA Bar #142571) *(pro hac vice forthcoming)*
j.staley@pkhip.com
Scott P. Amy (GA Bar #141416) *(pro hac vice forthcoming)*
s.amy@pkhip.com
Andrea P. Nguyen (GA Bar #306931) *(pro hac vice forthcoming)*
a.nguyen@pkhip.com
Thomas F. Finch (GA Bar #637008) *(pro hac vice forthcoming)*
t.finch@pkhip.com
**PERILLA KNOX & HILDEBRANDT LLP**
5871 Glenridge Drive, Suite 350
Atlanta, GA 30328
Telephone: 770-927-7802
Facsimile: 877-389-6779

Attorneys for Plaintiff FOX Factory, Inc.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| Fox Factory, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Radflo Suspension Technology, <br><br> Defendant. | Case No. 8:25-cv-02178 <br><br> **PLAINTIFF FOX FACTORY, INC.'S COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Fox Factory, Inc. ("FOX Factory" or "Plaintiff") files this Complaint for Patent Infringement against Defendant Radflo Suspension Technology ("Radflo"), and in support thereof alleges as follows:

## NATURE AND BASIS OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* FOX Factory seeks injunctive relief, damages, and recovery of its reasonable costs and attorneys' fees.

## THE PARTIES

2. Plaintiff FOX Factory, Inc. is a corporation organized and existing under the laws of California and has its principal place of business at 915 Disc Drive, Scotts Valley, California 95066.

3. Upon information and belief, Defendant Radflo Suspension Technology is a corporation organized and existing under the laws of California and has a regular and established place of business at 10840 Talbert Ave, Fountain Valley, CA 92708. Upon further information and belief, Radflo may be served by serving its Registered Agent Glenn Classen at its registered address of 10840 Talbert Ave, Fountain Valley, CA 92708.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 1338(a) because this Complaint includes a cause of action for patent infringement under the patent laws of the United States, including, but not limited to, 35 U.S.C. §§ 271, 281, 283-285, and 287.

5. This Court has personal jurisdiction over Radflo by virtue of the fact that Radflo resides in this District, has a regular and established place of business in this District, has transacted substantial business in this District, has derived substantial revenue from goods offered for sale and/or sold in this District, and/or has established sufficient minimum contacts with the State of California such that it is subject to the

personal jurisdiction of this Court. Personal jurisdiction in California over Radflo is also consistent with the requirements of due process.

6. Venue is proper in this district under 28 U.S.C. § 1400(b) because Radflo resides in this District, has a regular and established place of business in this District located at 10840 Talbert Ave, Fountain Valley, CA 92708, has committed acts of infringement in this District, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTUAL BACKGROUND

### FOX Factory and Its Innovative Motorsports Shock

7. For over thirty years, FOX Factory has been a global leader in the design, development, and manufacture of high-performance shock absorbers, suspension products, and related components for ATVs, UTVs, and off-road cars, trucks, and SUVs.

8. FOX Factory is a direct supplier of its high-performance shock absorbers, suspension products, and related components to leading powered vehicle original equipment manufacturers (OEMs).

9. FOX Factory also provides its high-performance shock absorbers, suspension products, and related components in the after-market through its global network of retailers and distributors, as well as through direct-to-consumer channels.

10. FOX Factory's global portfolio of brands includes FOX, Marucci, Method Race Wheels, and Shock Therapy, to name a few.

11. One of FOX Factory's many high-performance suspension products includes an innovative motorsports shock having an externally mounted structure, such as an externally mounted fluid reservoir or bypass tube, that has an adapter positioned between the damper cylinder and the body cap that allows for the orientation of the externally mounted structure to be adjusted relative to the body cap.

12. FOX Factory's innovative motorsports shock provides several advantages over traditional bypass shocks that have externally mounted fluid reservoirs or bypass tubes that are fixed relative to the damper cylinders.

13. FOX Factory's innovative motorsports shock is currently offered for sale and sold on the FOX Factory website, the Shock Therapy website, and through other retail channels. An example of FOX Factory's innovative motorsports shock that is currently offered for sale and sold on the FOX Factory website – namely, one or more of the line of FOX External Bypass shocks – is shown below:



14. FOX Factory's innovative motorsports shock is but one of FOX Factory's many innovative suspension products, and FOX Factory has spent a substantial amount of time and resources designing and developing this innovative suspension product.

15. As a result of FOX Factory's efforts in designing and developing an innovative motorsports shock, FOX Factory applied for and was granted U.S. Patent No. 9,169,889 (the "'889 Patent" or "Asserted Patent").

16. The '889 Patent, entitled "FLUID PRESSURE OPERATED DEVICE WITH ADJUSTABLE POSITIONING OF MOUNTING ELEMENTS RELATIVE TO EXTERNALLY MOUNTED STRUCTURES," was filed on January 25, 2007, and after a full and fair examination, was duly and legally issued by the United States Patent

and Trademark Office ("PTO") on October 27, 2015. A true and correct copy of the '889 Patent is attached hereto as Exhibit A.

17. FOX Factory is the legal owner of all right, title, and interest in and to the '889 Patent, including the right to make, use, offer for sale, sell, and import products covered by the '889 Patent, and the right to enforce the '889 Patent.

**Radflo and Its Unlawful Conduct**

18. Upon information and belief, Radflo is a manufacturer and distributor of suspension products and related components for UTVs, trucks, and SUVs, among other applications.

19. FOX Factory recently discovered that Radflo is making, having made, using, importing, distributing, offering for sale, and/or selling one or more shocks having an adapter positioned between the damper cylinder and body cap, including the Radflo Bypass Shock Absorbers shown below. *See also* https://radfloshocks.com/product-category/off-road/bypass-shock-absorbers/ (Exhibit




B at Ex. B).

20. Radflo's Bypass Shock Absorbers can also be seen in Exhibit B, which contains screenshots from a video detailing the operation of Radflo's Bypass Shock Absorbers, which was posted on Radflo's Instagram account, and initially available at:

https://www.instagram.com/radfloshocks/reel/DGjeAhBSzEJ/, which now appears to have been deleted. (*See* Exhibit B at Ex. C).

21. One or more of Radflo's Bypass Shock Absorbers appears to use a structure that is identical to FOX Factory's patented External Bypass Shocks.

22. On information and belief, Radflo had knowledge of FOX Factory's patented design and intentionally copied the design prior to offering for sale Radflo's Bypass Shock Absorbers.

23. On April 25, 2025, FOX Factory, through its outside counsel, sent a letter to Radflo to provide actual notice of the infringement of the Asserted Patent, and to further request that Radflo cease all marketing, manufacture, offers for sale, and sales of any shock products that infringe one or more claims of the Asserted Patent, including the Bypass Shock Absorbers. (*See* Exhibit B.)

24. On information and belief, after receiving FOX Factory's April 25, 2025 letter, Radflo immediately removed the Instagram video showing the operation of Radflo's Bypass Shock Absorbers, as well as other related content.

25. On April 30, 2025, Radflo, through its outside counsel, responded to FOX Factory's letter, generally denying infringement and declining to cease marketing, manufacture, offers for sale, and sales of the accused shocks, including the Bypass Shock Absorbers.

26. Unable to come to a resolution after exchanging additional e-mail and telephone correspondence, FOX Factory, through its outside counsel, sent a follow-up letter to Radflo's outside counsel on July 15, 2025, reiterating its claims of infringement and again seeking resolution of the dispute. As of the filing of this Complaint, Radflo has not substantively responded to FOX Factory's July 15, 2025 letter.

## COUNT I

## DIRECT INFRINGEMENT OF THE '889 PATENT

27. FOX Factory incorporates and re-alleges the allegations contained in the preceding paragraphs as if set forth verbatim herein.

28. Upon information and belief, Radflo makes, uses, imports, sells, or offers to sell, one or more shocks, including at least Radflo's Bypass Shock Absorbers (collectively, the "Accused Products").

29. Radflo directly infringes, literally or under the doctrine of equivalents, one or more claims of the '889 Patent by, without authority, making, using, importing, selling, or offering to sell the Accused Products within the United States in violation of 35 U.S.C. § 271(a).

30. By way of example, Radflo directly infringes, literally or under the doctrine of equivalents, at least Claim 1 of the '889 Patent by, without authority, making, using, importing, selling, and/or offering to sell the Accused Products within the United States in violation of 35 U.S.C. § 271(a). (*See* Exhibit B at Ex. C.)

31. The preamble of Claim 1 of the '889 Patent recites: **"A fluid pressure operated device, comprising . . ."**.

32. To the extent the preamble of Claim 1 is determined to be limiting, the Accused Products are fluid pressure operated devices, namely shock absorbers.

33. Element 1[A] of Claim 1 of the '889 Patent recites: **"a working cylinder having a first end and a second end."**

34. The Accused Products include a working cylinder having a first end and a second end:



35. Element 1[B] of Claim 1 of the '889 Patent recites: **"a shaft that moves into and out of the first end of the working cylinder as the device compresses and rebounds, the shaft including a first mounting element attached thereto."**

36. The Accused Products include a shaft that moves into and out of the first end of the working cylinder as the device compresses and rebounds, the shaft including a first mounting element attached thereto:



37. Element 1[C] of Claim 1 of the '889 Patent recites: **"a body cap for attachment to the second end of the working cylinder opposite the shaft, the body cap including a second mounting element."**

38. The Accused Products include a body cap for attachment to the second end of the working cylinder opposite the shaft, the body cap including a second mounting element:



39. Element 1[D] of Claim 1 of the '889 Patent recites: "**an adapter assembly disposable between the working cylinder and the body cap, the adapter assembly allowing orientation of the second mounting element of the body cap to be changed.**"

40. The Accused Products include an adapter assembly disposable between the working cylinder and the body cap, the adapter assembly allowing orientation of the second mounting element of the body cap to be changed:



41. Element 1[E] of Claim 1 of the '889 Patent recites that the adapter assembly includes **"an adapter disk that can be fit into the second end of the working cylinder and is capable of rotation, the adapter disk includes at least one threaded hole, the body includes at least one hole, the body cap is attached to the adapter disk using at least one threaded fastener passing through the at least one hole in the body cap and being threaded into the at least one threaded hole of the adapter disk."**

42. The adapter assembly of the Accused Products includes an adapter disk that can be fit into the second end of the working cylinder and is capable of rotation, the adapter disk includes at least one threaded hole, the body includes at least one hole,

the body cap is attached to the adapter disk using at least one threaded fastener passing through the at least one hole in the body cap and being threaded into the at least one threaded hole of the adapter disk:



43. Element 1[F] of Claim 1 of the '889 Patent recites that the **"the second mounting element can be rotated without causing movement of the shaft** and "a length of the fluid pressure operated device remains constant when the orientation of the second mounting element is changed."

44. The second mounting element of the Accused Products can be rotated without causing movement of the shaft and a length of the Accused Products remains constant when the orientation of the second mounting element is changed:



45. As a result of Radflo's infringement of the '889 Patent, FOX Factory has been damaged and will continue to be damaged by Radflo's unlawful conduct. FOX Factory is entitled to recover damages pursuant to 35 U.S.C. § 284 adequate to compensate for Radflo's infringing activities in an amount to be determined at trial, but in no event less than a reasonable royalty.

46. Radflo's infringement of the '889 Patent has injured and continues to injure FOX Factory and will continue to cause irreparable harm to FOX Factory unless Radflo is enjoined from infringing one or more claims of the '889 Patent. Fox is entitled to preliminary and/or permanent injunctive relief against Radflo from further infringement pursuant to 35 U.S.C. § 283.

47. Since at least as early as the receipt of FOX Factory's April 25, 2025, letter, Radflo's infringement of the '889 Patent has been and continues to be knowing, intentional, and willful.

48. As a result of at least Radflo's willful infringement of the '889 Patent, this is an exceptional case, and FOX Factory is entitled to an award of its reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## JURY DEMAND

FOX Factory hereby respectfully requests a trial by jury of all issues raised in this Complaint, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff FOX Factory, Inc. prays that this Court enter judgment in favor of Plaintiff and against Defendant Radflo Suspension Technology as follows:

A. Entry of judgment that Radflo has directly infringed the Asserted Patent pursuant to 35 U.S.C. § 271(a);

B. An Order permanently enjoining Radflo, and its respective agents, officers, directors, employees, attorneys, affiliated companies, successors-in-interest, and all those in active concert or participation with it, and all other parties properly enjoined by law, from infringing, directly or indirectly, or inducing others to directly infringe one or more claims of the Asserted Patent.

C. An Order that Radflo provide an accounting and pay to FOX Factory damages in an amount adequate to compensate FOX Factory for Radflo's infringement of the Asserted Patent, including damages for lost profits, but in no event less than a reasonable royalty, including up to treble damages for willful infringement pursuant to 35 U.S.C. § 284;

D. An order that this is an exceptional case under 35 U.S.C. § 285 meriting that FOX Factory be awarded its costs, including its reasonable attorneys' fees and other expenses incurred in connection with this action; and,

E. Any other relief that the Court finds legal, just and equitable, as may be available under law.

Respectfully submitted this 26 th day of September, 2025.

By: /s/ Matthew J. Hawkinson

Matthew J. Hawkinson (SBN 248216)
mhawkinson@hycounsel.com
David Yang (SBN 246132)
dyang@hycounsel.com
**HAWKINSON YANG LLP**
8033 Sunset Blvd. #3300
Los Angeles, California 90046
Telephone: (213) 634-0370

Joseph W. Staley (GA Bar #142571)
*(pro hac vice forthcoming)*
j.staley@pkhip.com
Scott P. Amy (GA Bar #141416)
*(pro hac vice forthcoming)*
s.amy@pkhip.com
Andrea P. Nguyen (GA Bar #306931)
*(pro hac vice forthcoming)*
a.nguyen@pkhip.com
Thomas F. Finch (GA Bar #637008)
*(pro hac vice forthcoming)*
t.finch@pkhip.com
**PERILLA KNOX & HILDEBRANDT LLP**
5871 Glenridge Drive, Suite 350
Atlanta, GA 30328
Telephone: 770-927-7802
Facsimile: 877-389-6779

Attorneys for Plaintiff
FOX Factory, Inc.